LAWSON, J.,
concurring in result and specially concurring.
Although Riggs v. State, 918 So.2d 274 (Fla.2005), and most other cases, appear to dictate that we analyze this case in terms of exceptions to a warrant requirement, I fully agree with Judge Torpy that this makes no sense in a case where law enforcement is simply trying to reunite a child with his or her parents and is not looking for evidence of a crime. Therefore, I concur in Judge Torpy’s specially concurring opinion and fully adopt the well-reasoned analysis of his opinion. Unlike Judge Torpy, however, I cannot concur in the full majority opinion. In my view, the rather narrow legal requirements for application of the feared medical emergency exception to the warrant requirement cannot justify Deputy Mercado’s initial intrusion into Ortiz’s home because there was insufficient evidence suggesting that a medical emergency existed in the house at the outset.
Nevertheless, following Riggs and applying the traditional warrant requirement exception analysis, as it appears we are required to do, I still concur in the result reached by the majority based upon the trial court’s finding that the child consented to the deputy’s initial entry into the home.[7]
And, I agree with the majority that the additional facts discovered by Deputy Mercado during and after his initial entry into the home were sufficient to justify the deputy’s entry into the bedroom under the feared medical emergency exception.
With respect to the initial entry, the conclusion that this six-year-old child possessed the capacity, intelligence and authority to consent to the officer’s entry into the common areas of the home is admittedly a close call. But, the trial court’s findings on this issue are supported by competent, substantial evidence, and are consistent with legal precedent.
Factually, it is undisputed that the child invited Deputy Mercado inside. Legally, a *609 minor can validly consent to the warrant-less entry into a home shared with his or her parent if the State establishes that: (1) the minor shares the home with an absent, non-consenting parent; (2) the police officer entering the home reasonably believes, based on articulable facts, that the minor shares common authority with the parent to allow the entry; and (3) by clear and convincing evidence, the minor’s consent was freely and voluntarily given under the totality of the circumstances. Saavedra v. State, 622 So.2d 952, 954 (Fla.1993).
There appears to be no dispute that the child shared the home with his parents or that the child’s consent was freely and voluntarily given. In fact, there is no evidence that the deputy even hinted that the pair should enter the home. Rather, it was solely the child’s suggestion (coupled with his insistence that his parents were there, despite the deputy’s initial observations suggesting that no one was home) that prompted the deputy to follow the child into the house.
With respect to the second criteria, the fact that the child invited the deputy inside, with no hesitation or prompting whatsoever, along with the fact that the child knew how to gain entry into the house when it appeared to be empty and secured, were articulated facts sufficient to support the deputy’s reasonable belief that the child shared common authority with his parents to allow entry into the home. See Georgia v. Randolph, 547 U.S. 103, 111, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006) (“[A] child of eight might well be considered to have the power to consent to the police crossing the threshold into that part of the house where any caller, such as a pollster or salesman might well be admitted,” 4 Wayne R. LaFave, Search and Seizure § 8.4(c), at 207 (4th ed. 2004), but no one would reasonably expect such a child to be in a position to authorize anyone to rummage through his parents’ bedroom.)
In determining a child’s authority to consent, the “primary factors to be considered are the child’s age, intelligence, and maturity, and the scope of the search ... to which the child consents.” State v. Tomlinson, 254 Wis.2d 502, 648 N.W.2d 367, 377 (2002) (citing 3 Wayne R. LaFave, Search and Seizure § 8.4(c), at 773-74 (3d ed. 1996)) (emphasis added). In addition to the articulated facts already outlined, I believe it highly significant that the consent in this case was limited in scope to a search for the child’s parents. In short, I am simply unprepared to find that a six-year-old child can never validly consent to a police officer’s entry into his or her home for any purpose, as a matter of law. And, I believe that it would take that kind of holding, in this case, to overcome the trial court’s factual finding on this issue.
I also note that the original panel did not find fault with the trial court’s determination that the child validly consented to the officer’s entry into the common areas of the home. Rather, the panel correctly concluded that the child’s consent was legally insufficient to justify entry into the parents’ bedroom. Randolph, 547 U.S. at 111, 126 S.Ct. 1515; Ortiz v. State, 34 Fla. L. Weekly D829 (Fla. 5th DCA Apr. 24, 2009).
After the initial entry based on consent, I agree with the majority that the totality of the circumstances which led Deputy Mercado to subjectively fear for the safety of whoever might be on the other side of the locked bedroom door were objectively sufficient to trigger the feared medical emergency exception. These facts included the parents’ failure to pick the child up from school and the school’s inability to locate them, the child’s insistence that his parents were home, the child’s ability to enter the home through an unlocked door, *610 the illuminated interior light (not initially visible from outside the home), and the fact that the bedroom door was locked from inside the bedroom.

. Consent is, of course, another warrant requirement exception. See, e.g., Lynch v. State, 2 So.3d 47, 68 n. 11 (Fla.2008) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)).